Keith E. FRAZIER, Plaintiff–
Appellant,

v.

Michael MILLER, Warden, CCCF;
Vicki Lewis, Librarian, CCCF,
Defendants–Appellees.

No. 15–1231.

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 2015.

Keith E. Frazier, Olney Springs, CO,
pro se.

Gillian Dale, Andrew David Ringel,
Esq., Hall & Evans, Denver, CO, for De-
fendants–Appellees.

Before KELLY, LUCERO, and
McHUGH, Circuit Judges.

## ORDER AND JUDGMENT *

CAROLYN B. McHUGH, Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist in the determination of this
appeal. See Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Plaintiff Keith Frazier, a Colorado pris-
oner appearing pro se,[1] appeals from the
district court's entry of judgment in favor
of Defendants Michael Miller and Vicki
Lewis. Upon review of Mr. Frazier's ap-
peal, the panel identified a potential defect
in this court's appellate jurisdiction.

Rule 4 of the Federal Rules of Appellate
Procedure requires that a party file notice
of appeal with the district court within
thirty days of entry of judgment. Fed.
R.App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a).
The court of appeals normally lacks juris-
diction to consider an appeal if notice of
appeal is not filed within the thirty days
mandated by Rule 4. See Bowles v. Rus-
sell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168
L.Ed.2d 96 (2007). But Rule 4 contains an
exception for prisoners, such as Mr. Frazi-
er, currently confined to an institution.
See Fed. R.App. P. 4(c). For prisoners,
Rule 4(c)(1) provides that notice of appeal
"is timely if it is deposited in the institu-
tion's internal mail system on or before the
last day for filing." It further provides
that a prisoner can prove the date on
which he deposited his notice of appeal by
attaching a signed declaration that states
the date on which the prisoner deposited
the notice of appeal in the prison mail
system, declares that first-class postage
has been prepaid, and includes language
substantially similar to the following: "I
declare under penalty of perjury that the
foregoing is true and correct. Executed
on [date]." See Fed. R.App. P. 4(c)(1); 28
U.S.C. § 1746(2).

In this case, the district court entered
final judgment in Mr. Frazier's case on
May 29, 2015. But Mr. Frazier's notice of
appeal was not received by the district
court until July 1, 2015, outside the normal
thirty-day limit. Mr. Frazier's notice of
appeal was not accompanied by a Rule
4(c)-compliant declaration. Accordingly,
the panel issued an order to show cause

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

1. Because Mr. Frazier appears pro se, we
construe his filings liberally. See Garza v.
Davis, 596 F.3d 1198, 1201 n. 2 (10th Cir.
2010).

directing Mr. Frazier to address the timeliness of his appeal within 21 days and indicating that a failure to remedy this jurisdictional defect would result in dismissal of the appeal without further notice. *See* 10th Cir. R. 42.1.

Mr. Frazier has failed to respond to the panel's order to show cause. Accordingly, we dismiss the appeal for lack of jurisdiction. Mr. Frazier's motion to proceed in forma pauperis is granted, but we remind him of his obligation to continue making partial payments until the fee has been paid in full.